IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT NICHOLSON O/B/O K.N.,           No. 3:16-cv-02373-HZ

        Plaintiff,                            OPINION & ORDER

   v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Merrill Schneider
Schneider Kerr & Robichaux
P.O. BOX 14490
Portland, OR 97293

     Attorney for Plaintiff


Janice E. Hebert
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Kathryn A. Miller
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

       Robert Nicholson brings this action on behalf of Plaintiff K.N. for judicial review of the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). The Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

       An application for SSI was protectively filed on behalf of Plaintiff, a child under 18, on December 18, 2012, alleging disability as of August 31, 2010. Tr. 82.[1] Her application was denied initially and on reconsideration. Tr. 106, 113. On May 24, 2015, Plaintiff and her parents appeared with counsel for a hearing before an Administrative Law Judge (ALJ). Tr. 35. On April 29, 2015, the ALJ found Plaintiff not disabled. Tr. 34. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

       Plaintiff alleges disability based on a learning disability, mental health issues, and a broken collarbone. Tr. 179. She was 14 at the time of the administrative hearing. Tr. 40.

## SEQUENTIAL DISABILITY ANALYSIS

       An individual under the age of 18 is disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 9.

continuous period of not less than 12 months." 42 U.S.C. 1382c(a)(3)(C)(i). The Social Security Administration has established a three-step sequential evaluation process for evaluating the disability claims of minors. 20 C.F.R. § 416.924. The claimant bears the ultimate burden of proving disability. *Valentine v. Comm'r,* 574 F.3d 685, 689 (9th Cir. 2009).

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Id.* at § 416.924(a). At step two, the Commissioner determines whether the claimant has a medically determinable physical or mental impairment or a combination of impairments that is severe. *Id.* If the claimant does not have any severe impairment or combination of impairments, the claimant is not disabled. *Id.*

At step three, the Commissioner determines whether the impairment "meets, medically equals, or functionally equals the listings." *Id*. If the impairment meets or medically equals a listing and is expected to last 12 months, the claimant is presumed disabled. *Id.* If not, the Commissioner looks to six different domains to determine whether a minor's impairment results in limitations that functionally equal the listings: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). In order to be found disabled, the claimant's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in at least one domain. *Id.* at 416.926a(d). In assessing whether the claimant has marked or extreme limitations, the Commissioner must consider the functional limitations from all medically determinable impairments, including any impairments that are not severe, as well as the interactive and cumulative effects of the claimant's impairments in any affected domain. *Id.* at 416.926a(a).

///

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the date of her application. Tr. 20. Next, at step two, the ALJ determined that Plaintiff has the following severe impairment: depressive disorder. Tr. 20. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 21. The ALJ also found that Plaintiff's impairments did not functionally equal the severity of the listings. Tr. 22. Specifically, he found that Plaintiff had less than marked or no limitations in all six of the functional equivalence domains defined in 416.926(a). Tr. 28–33. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 34.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)); *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*; *see also*

*Batson*, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. *Bray*, 554 F.3d at 1225-26 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff contends that the ALJ erred by failing to fulfill his independent duty to develop the record. Pl.'s Br. 4. In Social Security cases, "the ALJ has 'a special duty to fully and fairly develop the record and assure that the claimant's interests are considered.'" *Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) (citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). This duty extends to both the represented and the unrepresented claimant. *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996). However, the duty to develop the record is only triggered where "there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). An ALJ that substantially relies on medical expert opinions yet dismisses those expert's equivocations and concerns over the lack of a complete record may fail his independent duty to develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150–51 (9th Cir. 2001). But "an ALJ does not fail in his duty to develop the record by not seeking evidence or ordering further examination or consultation regarding a claimed . . . impairment, if no medical evidence indicates that such an impairment exists." *Lobato v. Astrue*, No. SACV 11-01337-MAN, 2012 WL 5992280, at *6 (C.D. Cal. Nov. 30, 2012) (citing *Ukolov v. Barnhart*, 420 F.3d 1002,1005 (9th Cir. 2005)); *Cuestas v. Astrue*, No. 3:11-cv-05480-RJB-KLS, 2012 WL 1536251, at *7 (W.D. Wash. April 9, 2012) ("[A] finding of 'no' medical evidence is not at all the same as there being *ambiguous* evidence concerning the alleged impairment. The latter triggers the ALJ's duty to further develop the record, while the former does not." (emphasis in original)); *see also* 20

C.F.R § 416.924(a) ("If you allege more than one impairment, we will evaluate all the impairments for which we have evidence.").

Here, Plaintiff alleges that the ALJ failed to fully develop the record as it pertains to Plaintiff's alleged mental health issues and learning disability. According to Plaintiff, the ALJ's duty to develop the record was triggered by the consultative examination of Dr. Gary Sacks and the testimony of Dr. Gary Grossman. Pl.'s Br. 5–7. In his consultative examination report, Dr. Sacks's noted that "[s]chool records indicate she puts forth little effort at school. She would need to undergo academic and intellectual testing to determine if learning difficulties interfere with her school performance." Tr. 380. Dr. Grossman, in response to Plaintiff's question at the hearing as to whether further evaluation is needed, testified that "further evaluation is warranted to somehow get this young woman on track." Tr. 77. He went on to state that he would "want to know why [she is failing] and whether or not that can be reversed." Tr. 77. Later, in response to counsel's hypothetical question about whether a medical diagnosis regarding her difficulties in school would change Dr. Grossman's opinion about her functional limitations, he stated:

> Well, you know, I think we have some idea—without getting a medical opinion, I think we have some idea of why she's not completing her work. A medical or some evaluation—whether it's neurologic, psychiatric, or medical—that addresses her ability to attend and complete tasks and comes up with a statement about her ability to do that would be helpful. Now, the psychological evaluation— you know, part of the psychological evaluation—and important part in children is how well they can concentrate and pay attention, because the most common mental issue that we get with them is ADHD. Psychologists are very, very sensitized to that. You know, they want to know is there attention-deficit issues. [Dr. Sacks] doesn't think there is based on his evaluation of her. Now, if someone else saw her, that might be—they might see her differently. I don't—I know this is a very vague answer, but you know, you said that it would be hypothetical.

Tr. 79. Plaintiff characterizes this testimony as indicating "multiple times . . . that additional evaluation of Plaintiff was warranted in order to further develop the record." Pl.'s Br. 6.

Plaintiff's argument that these statements indicate that further evaluation was warranted is unpersuasive. First, there is no evidence in the record to suggest that Plaintiff has a learning disorder. The ALJ acknowledged this lack of evidence at step two when he found that there was "no evidence in the record that establishes or confirms that the claimant has a learning disorder." Tr. 21 (emphasizing that pursuant to the DSM-IV-TR learning disorders are diagnosed by the individual's achievement on standardized testing). The ALJ also cited Dr. Grossman's testimony that "we don't have any evidence from an acceptable medical source that she has an impairment." Tr. 22, 75. Dr. Grossman noted that the record provided "no reason why" she is struggling in school and that "she's not doing well, but she could." Tr. 76. While the record shows Plaintiff has difficulties completing classwork and homework, tr. 1865–86, it is also replete with evidence that such difficulties are likely due to her lack of effort and other stressors, tr. 22 (Plaintiff's testimony that she "isn't doing her work" and does not "really like school that much."), 75 (Dr. Grossman's testimony that "it would appear she would be capable of at least passing in school, but she's not"), 78 (Dr. Grossman's testimony that possible reasons for her poor grades include "poor motivation and passive-aggressive behavior"), 229–238 (records indicating extensive history of absenteeism); 380 ("school records indicate she puts forth little effort in school"). Further, the record shows that Plaintiff has not had an independent education plan, was not in special education classes, and has never been diagnosed with any learning difficulties. Tr. 280, 295, 303 (school forms filled out by parents indicate no special programs in school). Absent any objective evidence of a learning disability, the ALJ was under no duty to develop the record on this point. *See Lobato,* 2012 WL 5992280, at *7 (where there was "no objective evidence that plaintiff suffered from a learning disorder . . . the ALJ was not obligated to further develop the record on this issue, including the ordering that plaintiff undergo psycho-

educational or IQ testing."); *see also Spence v. Colvin,* 617 Fed.Appx. 752, 754 (9th Cir. 2015) (in the absence of objective medical evidence of a mental impairment, comments by medical providers that plaintiff "talked incessantly and had trouble staying on track" were insufficient to trigger the ALJ's duty to develop the record further.").

Second, neither physician opined that the record was incomplete or that additional evidence was needed to determine whether Plaintiff has a disabling mental impairment. In *Tonyapetyan,* the ALJ "relied heavily upon the testimony of the medical expert" who found that the evidence in the record was ambiguous. 242 F.3d at 1150. The expert described the lack of medical records as "confusing;" recommended "a more detailed report be obtained;" resisted providing a definitive diagnosis without seeing "more evidence and a more detailed explanation" from another doctor; and "found it 'difficult to say' whether the medical record was complete enough to allow the ALJ to reach a conclusion in the case." *Id.*; *see also Hollis v. Massanari*, No. C-00-04633 VRW, 2002 WL 500780, at *3 (N.D. Cal. March 25, 2002) (holding that the AJL's decision not to pursue psychological testing was an error where a physician "suggested plaintiff might have a personality disorder and that further psychological testing was warranted"). Here, by comparison, neither doctor expressed "equivocations . . . over the lack of a complete record." *Tonyapetyan*, 242 F.3d at 1151. Dr. Grossman's statement that Plaintiff would benefit from an additional evaluation to "get back on track" does not suggest that the record was inadequate for the ALJ to make a disability determination. Tr. 77. Nor does he suggest there is ambiguity in the record with his statement that an additional evaluation would be helpful to asses Plaintiff's ability to attend and complete tasks. Tr. 79. In the preceding sentence he states that "we have some idea . . . of why she's not completing her work" and later notes that Dr. Sacks found there were no attention-deficit issues. *Id.* And while Dr. Sacks suggested that additional testing could

rule out a learning disability as the cause of Plaintiff's difficulties in school, he never diagnosed Plaintiff with a learning disability or indicated there was any evidence Plaintiff suffered from one. Dr. Sacks also expressly found that Plaintiff "does not appear to meet criteria for a mental health disorder," tr. 380, and Dr. Grossman testified that "we don't have any evidence from an acceptable medical source that she has an impairment," tr. 75. Thus, the ALJ reasonably evaluated the record and, along with two examining physicians, determined that there was no medical evidence supporting Plaintiff's alleged mental impairments. Accordingly, ALJ did not fail to fully develop the record.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this \_\_2\_\_ day of December, 2018

_____
MARCO A. HERNÁNDEZ
United States District Judge